JASON Y. TERUYA
955 HALA DRIVE
HONOLULU, HAWAII 96817
808-595-4958

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 04 2014

at 8 o'clock and 50 min. A M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

PLAINTIFF )
)
   JASON Y. TERUYA, PRO SE, )
)
PARTIES-IN-INTERST )
)
   U.S. GOVERNMENT-DEPT. )
   OF LABOR OWCP/DLHWC: )
   DIRECTOR-ANTONIO RIOS, )
)
AND )
)
   BAE SYSTEMS/CORROSION )
   ENGINEERING, )
)
v. )
)
DEFENDANTS )
)
   DR. NEIL SHIBUYA, M.D.; )
   JEFFREY S. PORTNOY, ESQ. )
)

CASE NO. CV14 00105 DKW RLP

COMPLAINT: PERSONAL INJURY-MEDICAL
MALPRACTICE; CLASS ACTION.

EXHIBITS:
A. MEDICAL REPORT BY DR. JAMES LONDON DATED AUGUST 25, 2007.
B. DEPOSITION OF DR. KENT DAVENPORT DATED JULY 28, 2010.

## JURISDICTION

    I bring this complaint to the United States District Court for the District of Hawaii for the reasons of initiating and/or correcting Preventative Justice, Commutative Justice, and general welfare of our society. To comply with Federal Law of the Longshore and Harbor Workers' Compensation Act title 33 U.S.C. § 907.(h) Third Party Liability; § 933.(a)-(i) Compensation for Injuries Where Third Persons are Liable; Code of Federal Regulations Title 20 Part 702.281 Thrid Party Action; Longshore Procedure Manual Chapter 3-600 Third Party Cases; hawaii revised statutes § 671-3 Informed Consent; Title 42 U.S.C. § 18114. Access to Therapies.

PLAINTIFF'S STATEMENT OF FACTS

My complaint starts from the time period that span between my first office visit with Dr. Neil Shibuya in the year 1985 concerning my lower back injury, and the resultant diagnosis of "lower Back Muscle Strain", which was verbally told to me, and since then there was no research and/or study of my lower back trauma injury. Dr. Shibuya also neglected to inform me of some test results that existed from the time of 1990 throughout 2008.

Dr. Neil Shibuya did not abide by and/or adhere to the American Medical Association Code of Medical Ethics concerning Opinion 8.082-Withholding information from Patients without their knowledge or consent is ethically unacceptable." Dr. Neil Shibuya did not abide by and/or adhere to the AMA Code of Medical Ethics Opinion 9.14 - Quality par.(3)"Monitoring the quality of care they deliver as individual practitioners - e.g. through personal case review and critical self-reflection, peer review, and use of other quality improvement tools."

The second visit to Dr. Neil Shibuya dated June 16, & 21, 2005 included some diagnostic exams of my Cervical Spine, Lower Lumbar Spine, a Bone/Joint Imaging of my Whole Body, and a third visit dated September 15, 2005 that included an Ultrasound. The Doctor neglected to inform me of my true physical condition as of the dates mentioned. He continued to lead me to believe that I have a lower back muscle strain and not Degenerative Disc Disease with mild spuring from L2 through L5. Mild narrowing of the right side of the L3-4 disc space. Mild scoliosis with convexity to the left. A 9 mm focal sclerosis overlying S1 on the lateral view, probably in the left sacrum on the AP view. Impression stated as: degenerative disc disease at L3-4, mild scoliosis, and 9 mm sclerosis in the left side of S1 which could be a benign bone island. Cannot exclude osteoblastic metastasis.

Dr. Neil Shibuya did not abide by and/or adhere to the AMA Code of Medical Ethics concerning Opinion 8.12 - Patient Information - "Ethical responsibility includes informing patients of changes in their diagnoses resulting from retrospective review of test results or any other information." Dr. Shibuya did not abide by and/or adhere to Opinion 9.14 - Quality par.(3)"Monitoring the quality of care they deliver as individual practioners - e.g. through personal case review and critical self-reflection, peer review, and use of other quality improvement tools."

PLAINTIFF'S STATEMENT OF FACTS

In support of the American Medical Association's Code of Medical Ethics is Title 42 U.S.C. § 18114 – Access to Therapies – Notwithstanding any other provision of this Act, the Secretary of Health and Human Services shall not promulgate any regulation that – (1) creates any unreasonable barriers to the ability of individuals to obtain appropriate medical care; (2) impedes timely access to health care services; (3) interferes with communications regarding a full range of treatment options between the patient and the provider; (4) restricts the ability of health care providers to provide full disclosure of all relevant information to patients making health care decisions; (5) violates the principles of informed consent and the ethical standards of health care professionals; or (6) limits the availability of health care treatment for the full duration of a patient's medical needs.

In support of the American Medical Association's Code of Medical Ethics is Hawaii Revised Statutes § 671-3 Informed Consent. (a) The Hawaii medical board may establish standards for health care providers to follow in giving information to a patient, or to a patient's guardian or legal surrogate if the patient lacks the capacity to give an informed consent, to ensure that the patient's consent to treatment is an informed consent. The standards shall be consistent with subsection (b) and may include: (excerpt til (b)(6))

    (1) The substantive content of the information to be given;

    (2) The manner in which the information is to be given by the health care provider; and

    (3) The manner in which consent is to be given by the patient or patient's gardian or legal surrogate.

(b) The following information shall be supplied to the patient or the patient's guardian or legal surrogate prior to obtaining consent to a proposed medical or surgical treatment or a diagnostic or therapeutic procedure:

    (1) The condition to be treated;

    (2) A description of the proposed treatment or procedure;

    (3) The intended and anticipated results of the proposed treatment or procedures;

    (4) The recognized alternative treatments or procedures, including the option of not providing these treatments or procedures;

PLAINTIFF'S STATEMENT OF FACTS

(5) The recognized material risks of serious complications or mortality associated with:

    (A) The proposed treatment or procedures;

    (B) The recognized alternative treatments or procedures; and

    (C) Not undergoing any treatment or procedure; and

(6) The recognized benefits of the recognized alternative treatments or procedures.

DR. Neil Shibuya specializing in Internal Medicine, with the quality of care required by Opinion 9.14 (3) "Monitoring the quality of care they deliver as individual practitioners – e.g. through personal case review and critical self-reflection, peer review, and use of other quality improvement tools."-- should have forseen that a significant trauma to the lower back can form into Degenerative Disc Disease as described in a medical text – The Merck Manual of Diagnosis and Therapy, eighteenth edition – during the years of 1985 through 2008.

This is a case of Discovery Rule after reading DR. James London's medical report dated August 25, 2007, and stating "In my opinion, the 9/8/05 incident aggravated the pre-existing conditions in his lower back (degenerative lumbar disc disease)." Also, to confirm, Dr. Kent Davenport's Deposition, he testified that I had a pre-existing condition to my September 8, 2005 injury.

RELIEF REQUESTED:

I am seeking the relief of General Damages and Consequential Loss.

DATE: March 3, 2014

SIGNATURE: Jason Y. Teruya
PRINT: JASON Y. TERUYA
955 HALA DRIVE
Honolulu, HI 96817

E-mail: JASON.TERUYA@Hotmail.com