IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| JASON Y. TERUYA; U.S. GOVERNMENT-DEPT. OF LABOR OWCP/DLHWC; DIRECTOR-ANTIONIO RIOS; and BAE SYSTEMS/CORROSION ENGINEERING,<br><br>Plaintiffs,<br><br>vs.<br><br>DR. NEIL SHIBUYA, M.D.; and JEFFREY S. PORTNOY, ESQ.,<br><br>Defendants. | CIVIL NO. 14-00105 DKW/RLP<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION, NEW TRIAL, AND JUDGMENT AS A MATTER OF LAW** |

## ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION, NEW TRIAL, AND JUDGMENT AS A MATTER OF LAW

On June 6, 2014, the Court dismissed this action for lack of subject matter jurisdiction. Plaintiff pro se Jason Y. Teruya ("Teruya") has since filed a motion for reconsideration of that dismissal, together with a motion for new trial (Dkt. No. 18), and a separate motion for judgment as a matter of law to defeat the motion to dismiss (Dkt. No. 21). Because none of Teruya's arguments provide an adequate basis for this Court's subject matter jurisdiction, the Court still lacks

authority to adjudicate Teruya's claims. Accordingly, Teruya's new motions are denied.

## **STANDARD OF REVIEW**

In the Ninth Circuit, a successful motion for reconsideration must accomplish two goals. First, it must demonstrate some reason why the court should reconsider its prior decision. *Na Mamo O 'Aha 'Ino v. Galiher*, 60 F. Supp. 2d 1058, 1059 (D. Haw. 1999). Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *Id.* Courts have established three grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *Mustafa v. Clark County Sch. Dist.*, 157 F.3d 1169, 1178–79 (9th Cir. 1998).

Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572 (D. Haw. 1988). Furthermore, reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. *See Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *Hawaii Stevedores, Inc. v. HT&T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005); *All Hawaii Tours, Corp. v. Polynesian Cultural Ctr.*, 116 F.R.D. 645, 649–50 (D. Haw.

1987), *rev'd on other grounds*, 855 F.2d 860 (9th Cir. 1988). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

## **DISCUSSION**

Teruya contends that the Court should reconsider its dismissal order because the Court decided the matter without a hearing, and Teruya intended to present evidence related to jurisdiction at the hearing. First of all, the rules of this Court permit consideration of Defendant's dismissal motions without a hearing. LR7.2(d). Second, and more importantly, Teruya had ample opportunity to provide in writing whatever information he wished to offer to establish this Court's jurisdiction at the time Defendants filed their motions to dismiss, as well as in response to this Court's March 5, 2014 Order to Show Cause (Dkt. No. 5), which specifically inquired into this Court's apparent lack of subject matter jurisdiction. As part of his motion for reconsideration, Teruya has had yet another opportunity to do the same. Notwithstanding these opportunities, nothing Teruya has submitted suggests that this Court erred in granting dismissal, concluding that the Longshore Act does not confer subject matter jurisdiction on this Court over Teruya's claims.

*Thompson v. Potashnick Constr. Co.*, 812 F.2d 574, 576 (9th Cir. 1987). Accordingly, Teruya's motion for reconsideration is denied.

Although no supporting arguments were made, Teruya also moves for a new trial. However, no trial was conducted in this case from which a new trial motion could even be filed. Further, as noted above, Teruya provides no new information showing how the Longshore Act provides this Court with jurisdiction over his claims. Teruya's motion for a new trial is therefore denied.

Finally, following the combined motion for reconsideration and new trial, Teruya also filed a motion for judgment as a matter of law to defeat Defendants' motion to dismiss. Although characterized as a new motion, the substance of the motion indicates that it is merely a belated opposition brief (which Teruya neglected to previously file) to Defendants' motions to dismiss, which have now been granted. The counter-arguments advanced by Teruya fail to provide any grounds for the Court to question or revisit its conclusion that it lacks jurisdiction here.

## CONCLUSION

Teruya's motion for reconsideration and new trial (Dkt. No. 18) and motion for judgment as a matter of law (Dkt. No. 21) are DENIED.

IT IS SO ORDERED.

DATED: July 16, 2014 at Honolulu, Hawaiʻi.

Derrick K. Watson
United States District Judge

---

Teruya v. Shibuya, et al.; CV 14-00105 DKW/RLP; ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION, NEW TRIAL, AND JUDGMENT AS A MATTER OF LAW